◼ LENA PARROTT, Plaintiff, v. JESSIE H. JOSEPH, Respondent, and CLINTON O. MARSHALL, JR., et al., Appellants. ROBERT SANDERS, an Infant, by EDNA SANDERS, His Guardian ad Litem, et al., Appellants, v. JESSIE H.

JOSEPH, Respondent, and CLINTON O. MARSHALL, JR., et al., Appellants.— In this negligence action the plaintiffs sued three defendants for injuries received as a result of a three-car accident. The jury brought in a unanimous verdict against all three defendants. The court below dismissed the complaint as against the defendant Joseph, but entered judgment against the other two. On this appeal the latter two defendants contest the judgment and the plaintiffs appear as appellants as to the nonsuit and dismissal of the complaint as to defendant Joseph. This accident occurred on Route 9-H a two-lane highway running generally north and south. Defendant Joseph was proceeding in a southerly direction followed by the car driven by defendant Marshall. The plaintiffs were passengers in the Marshall vehicle. The distance separating the Marshall car and the Joseph car was testified to as about "four or five car lengths." Both were allegedly proceeding at a speed of 45 to 50 miles per hour. Near an intersecting road, county highway Route 27, the car ahead of the Joseph car stopped suddenly causing the defendant Joseph to quickly apply her brakes and come to a stop. She was able to do so without colliding with the car ahead of her. Marshall testified that at the time he observed her stop lights he was about 75 to 100 feet behind her. The defendant Marshall, however, was unable for some reason to stop and he collided with her car and continued left across the northbound lane where his car was struck by the defendant Tierny who was proceeding northerly along said Highway 9-H. The claim of negligence against Tierny is largely based on excessive speed under the circumstances. As against Joseph, the claim is that she brought her car to an abrupt stop without adequate warning, that she was following the car ahead of her too closely and that any emergency, if one existed, was as a result of her original negligence. Marshall's negligence was claimed to be, that he was following too closely behind the Joseph car, did not maintain a proper lookout, and drove on the wrong side of the highway which was bisected by double white lines. In our view the issue of negligence as to the defendant Joseph was a question of fact for the jury and the motion for dismissal of the complaint should not have been granted. Judgment and order as to the defendant Joseph reversed on the law and facts and the verdict reinstated. Judgments and orders as to the defendants Marshall and Tierny affirmed, with costs to the plaintiff-respondent. Foster, P. J., Bergan, Coon, Gibson and Reynolds, JJ., concur.